(C. D. 286)

A. M. Elizalde v. United States

United States Customs Court, Second Division

(Decided February 26, 1940)

*Lawrence & Tuttle* (*George R. Tuttle* and *Charles F. Lawrence* of counsel) for the plaintiff.

*Webster J. Oliver*, Assistant Attorney General (*Joseph E. Weil*, special attorney), for the defendant.

Before Tilson, Kincheloe, and Dallinger, Judges

Dallinger, Judge: This is a suit against the United States, arising at the port of Los Angeles, brought to recover certain customs duties alleged to have been improperly exacted on a particular importation consisting of a Lockheed Vega airplane imported from Manila, P. I. Duty was levied thereon at the rate of 30 per centum ad valorem under

the provision in paragraph 370 of the Tariff Act of 1930 for airplanes and parts thereof. It is claimed that said importation is properly entitled to free entry under the language of section 301 of said act, the pertinent portions of which read as follows:

SEC. 301. PHILIPPINE ISLANDS.

There shall be levied, collected, and paid upon all articles coming into the United States from the Philippine Islands the rates of duty which are required to be levied, collected, and paid upon like articles imported from foreign countries: *Provided*, That all articles, the growth or product of or manufactured in the Philippine Islands from materials the growth or product of the Philippine Islands or of the United States, or of both, or which do not contain foreign materials to the value of more than 20 per centum of their total value, upon which no drawback of customs duties has been allowed therein, coming into the United States from the Philippine Islands shall hereafter be admitted free of duty: * * *.

There is no dispute as to the facts involved herein. According to the uncontradicted evidence the airplane in question was originally manufactured in the United States from materials which were the growth or product of this country.

It is further established that said airplane did not contain foreign materials to the value of more than 20 per centum of its total value, and that no drawback of customs duty was allowed thereon.

Upon these facts counsel for the plaintiff in their brief filed herein contend that said section 301 exempts from duty American as well as Philippine goods brought from the Philippine Islands, arguing in support of said contention that it is reasonable to suppose that said section was intended to have such a result, because, if not, there is no provision in the Tariff Act which permits free entry for American goods returned from the Philippine Islands, for the reason that paragraph 1615 of said act, which relates generally to American goods returned, is applicable only to American goods when returned after having been exported.

Counsel further contend that said section 301 provides for three independent classes of merchandise; first, articles the growth or product of the Philippine Islands or of the United States, or of both; second, articles manufactured in the Philippine Islands from materials which are the growth or product of the Philippine Islands or of the United States, or of both; and third, articles containing foreign materials to the value of not more than 20 per centum of the total value. From this they argue that inasmuch as the airplane at bar is an article which does not contain foreign materials to the value of more than 20 per centum of the total value, it follows that it is entitled to free entry under said section 301.

Finally, counsel urge that the reference in said section 301 to the allowance of a drawback of customs duties would seem to indicate that the Congress contemplated the free entry of American goods when the section was framed.

We are not impressed with the ingenious construction of section 301 advanced by counsel for the plaintiff. Apart from the fact that there is no semicolon in that portion of said section which is applicable to the instant merchandise, and which would seem to contradict the grammatical construction placed upon it by counsel, this precise question has already been passed upon by the United States Court of Customs and Patent Appeals in the case of *Associated Commercial Co., Ltd.* v. *United States*, 24 C. C. P. A. 402, T. D. 48855.

That case involved the dutiable classification of certain glass bottles containing beer, the beer having been produced in the Philippine Islands and the bottles having been originally manufactured in the United States. The beer was admitted free of duty; but the bottles were assessed with duty at the rate of 1½ cents per pound under paragraph 217 of the Tariff Act of 1930, as modified by paragraph 810 of said act. It was stipulated that the bottles did not contain more than 20 per centum of foreign materials; and that there was no drawback allowed thereon.

In that case, as in the instant case, it was claimed that the bottles in question were entitled to free entry under section 301 of the Tariff Act of 1930. In affirming the decision of the First Division of this court (T. D. 48306) holding the bottles to be dutiable as classified by the collector and not entitled to free entry under said section 301, the appellate court said:

Much of the discussion in appellant's brief is to the propositions that the Philippine Islands do not constitute for tariff purposes a "foreign country"; that merchandise shipped from the Philippine Islands to the United States should not be regarded as "imported" merchandise; and that merchandise shipped from the United States to the Philippine Islands should not be regarded as "exported" merchandise within the meaning of those terms as used in titles I and II of the Tariff Act of 1930.

So far as the term "imported" is concerned, we are in entire agreement with appellant, and so far as the term "exported" is concerned we do not find it necessary to express any opinion with respect thereto for the reasons hereinafter stated.

Clearly title I of said tariff act, by its own terms, does not include merchandise shipped from the Philippine Islands to the United States, for by section 1 of said title, *supra*, the Philippine Islands are expressly treated as one of the possessions of the United States and not as a foreign country. By virtue of section 401 (k) the term "United States", as used in section 301, does not include the Philippine Islands. It is only by virtue of section 301 that title I has any application to such merchandise as is here involved. It will be observed that this section expressly provides that all articles *coming into* the United States from the Philippine Islands shall pay the same rates of duty as are required to be levied, collected, and paid upon articles coming from foreign countries, except such merchandise as is embraced within the proviso to the section. The language of the section, hereinbefore quoted, except as to the word "articles," is plain and unambiguous, and requires no construction. Were it not for the proviso, the provisions of titles I and II would be applicable to all merchandise coming into the United States from the Philippine Islands.

This being true, if the involved merchandise is free of duty under section 301, it must be by virtue of the proviso therein contained. It is clear that the beer contained within the bottles does come within the proviso and was properly admitted free of duty. * * *

\* \* \* \* \* \* \*

We think the foregoing clearly shows that Congress intended that, for tariff purposes, bottles ordinarily used for transportation of merchandise should be classified separately from their contents, and we see no reason why a different construction should prevail with respect to the word "articles," as used in section 301, when applied to bottles of beer.

If appellant's theory be correct, bottles could be manufactured in any foreign country, shipped to the Philippine Islands, filled with a product of the islands, and if the value of the bottles did not exceed 20 per centum of the total value of the contents and bottles, the bottles would be entitled to free entry into the United States. It does not seem to us that Congress could have had any such intention.

We therefore agree with the trial court that the bottles here involved were not free of duty under the proviso to section 301, *supra, because the bottles, segregated from their contents, were not products of the Philippine Islands.* [Italics ours.]

Upon the established facts and the law applicable thereto we hold that the airplane in question is properly dutiable at the rate of 30 per centum ad valorem under the *eo nomine* provision therefor in paragraph 370 of the Tariff Act of 1930, as classified by the collector. All claims of the plaintiff are therefore overruled and judgment will be rendered accordingly.